IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID FREEMAN CLAY

    Plaintiff,

v.

                              Case No. 1:11-cv-01075-JDT-egb

TONY PARKER, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss or for Summary Judgment ("motion") against Plaintiff on the grounds that the case is barred by the applicable statute of limitations [D.E. 67]. Plaintiff incorrectly thought this Court granted the motion previously and filed a Motion to Alter or Amend the Judgment, which was denied. Plaintiff's only response to the Court has been to ask for copies of documents; he has not directly responded to the motion. This motion was referred to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion be GRANTED.

## RELEVANT BACKGROUND

On March 28, 2011 Plaintiff David Freeman Clay, a *pro se* inmate, filed a Complaint pursuant to 42 U.S.C. § 1983 against Tony Parker, Alan Bargery, Glen Bargery, Alvin Minnick, Sharon

Gaylor, and Ronda Chesser. Tony Parker was later dismissed [D.E. 7]. Plaintiff alleges that Defendants violated his First Amendment right to free exercise of religion and violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.* Plaintiff's grievance was affirmed at the last level of review, the Tennessee Department of Correction Commissioner's Office, on December 1, 2009 [D.E. 67-4]. Plaintiff also filed a complaint with the Tennessee Human Rights Commission, but that complaint was denied on March 29, 2010 because it did not meet the requirements for a Title VI complaint [D.E. 1-8]. Defendants contend that Plaintiff wrongly relied on the letter from the Tennessee Humans Rights Commission as the beginning of the one year statute of limitations. Defendants state that the Human Rights Commission was not part of the prison grievance process and was a separate course of action. Defendants believe the prison grievance process was exhausted on December 1, 2009 and, therefore, Plaintiff's claim is barred by the one year statute of limitations. Plaintiff contends that the he exhausted any available grievance procedure by filing a complaint with the Human Rights Commission. Because the Human Rights Commission denied his complaint on March 29, 2010, Plaintiff states he met the one year statute of limitations deadline when he filed his case on March 28, 2011.

**ANALYSIS**

The Supreme Court has clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion to dismiss in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations and quotation marks omitted). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 556. Indeed, "a wellpleaded complaint may proceed even it if strikes a savvy judge that proof of those facts is improbable," *Id.* However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff is proceeding under the Prison Litigation Reform Act ("PLRA"). The PLRA requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

3

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A § 1997e(a). The statute of limitations is tolled for the period of time required to exhaust such administrative remedies as available. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). Using the plain language of the statute, "administrative remedies" refers to the grievance processes provided by the prison administration. Furthermore, Congress's intent for the PLRA was described in *Porter v. Nussle* 534 U.S. 516, 525:

> Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

Therefore, Congress intended for "administrative remedies as are available" to indicate administrative remedies that are within the prison to alleviate the federal court system. Neither this Court nor the parties has found a case to dispute the fact that "administrative remedies" means anything other than internal prison grievance procedures. The Tennessee Human Rights Commission is a separate and voluntary action that can be taken outside of the prison grievance process and is not considered an "administrative remedy." As described in Tennessee Department of Correction's Policy 501.01, the grievance process extends to

Level III, which the Plaintiff completed on December 1, 2009. Therefore, the one year statute of limitations period ended on December 1, 2010 and, thus, Plaintiff's claim is time barred. For these reasons, the Magistrate Judge respectfully recommends that the District Court Judge grant the Defendants' motion.

**Respectfully Submitted,**

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**Date: July 23, 2013**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.