IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DAVID FREEMAN CLAY,            )
                               )
    Plaintiff,                 )
                               )
VS.                            )        No. 11-1075-JDT-egb
                               )
TONY PARKER, et al.,           )
                               )
    Defendants.                )

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On July 23, 2013, Magistrate Judge Edward G. Bryant issued a report and recommendation that Defendants' second motion for summary judgment be granted [DE# 80] and that judgment should be entered for Defendants.

No objection has been filed. Consequently, the report and recommendation is ADOPTED, and the case is hereby DISMISSED.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It

would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to grant summary judgment in favor of Defendants also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.

Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.


                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE